# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES R. WASHINGTON,

      Plaintiff,

      v.                            Case No. 12-CV-0282

DAVID CHAVEZ,
SHELONDIA R. TARVER,
JOHN DOE AGENCY 1,
JOHN DOE AGENCY 2,
JOHN DOE 1, and
JOHN DOE 2,

      Defendants.

## DECISION AND ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR ORDER (DOC 2) AND SCREENING PLAINTIFF'S COMPLAINT

Plaintiff, who is incarcerated at Columbia Correctional Institution, filed a pro se civil rights complaint under 42 U.S.C. § 1983, as well as a motion for an order him allowing to pay his filing fee in full using his release account. Subsequently, the plaintiff paid the full filing fee.

Regardless, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325

(1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).  Therefore, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass."  *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555).  To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Moreover, the assertions in a complaint "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles voiced in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must charge that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is required to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## I. COMPLAINT AVERMENTS

According to the complaint, on July 21, 2008, plaintiff's 1991 GMC Suburban was parked in front of the Flores residence at 222 N. 36th St., near Mt. Vernon, in the City of Milwaukee. The truck was parked legally, it had no outstanding fines, an up to date parking sticker was in clear view and license plates were displayed in front and rear of the vehicle. Plaintiff had loaned the truck and its keys to a friend, Nicole Flores.

3

At 7:00 p.m. on July 21, 2008, defendant Detective Shelondia R. Tarver searched for the plaintiff at 222 N. 36th Street, based on an outstanding warrant. While looking for the plaintiff, Tarver searched the truck without consent.

Although the search of the truck turned up nothing, Tarver took the keys from Flores and had the truck towed claiming that it was used in a crime on July 4, 2008. Flores was not given a receipt for the vehicle and the truck had not been reported as having been used in a July 4 crime. Flores was informed that the truck would be in police custody until the plaintiff's case was resolved and that it would be towed to the Milwaukee Police Department Property Division or the City of Milwaukee impound lot. At the lot, the truck was searched again, and an inventory slip was prepared to reflect the items that were recovered from the glove compartment. A copy of the inventory slip was provided to the plaintiff.

The truck was sold at auction in September 2008, only two months after it was seized and was not made available for inspection by the district attorney or the plaintiff's attorney. Moreover, the plaintiff was not allowed to challenge or object to the sale of his property. And on November 24, 2009, the plaintiff was found guilty of criminal charges.

After plaintiff was sentenced, in March 2010, it was subsequently revealed to the plaintiff's attorney that the truck had been sold in September 2008.

## II. ANALYSIS

First, plaintiff asserts that Tarver's search of his truck was unconstitutional because there was no probable cause to justify a search. This allegation implicate the plaintiff's Fourth Amendment rights, and, therefore, he may proceed on a Fourth Amendment claim against Tarver on the ground that the vehicle search was invalid.

4

Second, plaintiff submits that John Doe Agency 1 and John Doe 1 violated his constitutional rights because they did not make the truck available for inspection to the district attorney or plaintiff's defense counsel.  Hence, plaintiff asserts that this is a *Youngblood* violation, referencing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (bad-faith failure to preserve potentially useful evidence constitutes a due process violation).

At this stage, plaintiff may proceed on a Fourteenth Amendment due process claim against John Doe 1.  However, he may not proceed on a claim against John Doe Agency 1 because the complaint does not suggest that an agency or municipal policy was a "direct cause or moving force behind" the failure to make the truck available for inspection. *Hunter v. Amin*, 583 F.3d 486, 489 (7th Cir. 2009).

Third, plaintiff contends that his Fourteenth Amendment rights were violated when his truck was sold in September 2008 without the proper procedure being followed.  He maintains that he did not receive notice of the "city's" intent to sell his truck and asserts that John Doe 2, who may be David Chavez, and/or David Chavez, auctioned his truck without proper notice, wrongfully converting the ownership of the truck.

"In order to state a claim for a procedural due process violation of a property right, [plaintiff] must establish: (1) a protected property interest; (2) a deprivation of that property interest by someone acting under the color of state law; and (3) a denial of due process." *Booker-El v. Superintendent*, 668 F.3d 896, 900 (7th Cir. 2012).  However, a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the state fails to provide an adequate post-deprivation remedy.  *Hudson v. Palmer*, 468

5

U.S. 517, 533 (1984). Wisconsin law provides tort remedies to individuals whose property has been converted or damaged by another. See Wis. Stat. §§ 893.35 and 893.51.

If a deprivation of property did not occur as the result of some established state procedure (which plaintiff does not allege) and state law provides an adequate post-deprivation remedy for redressing the missing property, due process has been satisfied. *See Greeno v. Litscher*, 13 Fed.Appx. 370, 377 (7th Cir. 2001); *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (holding that Wisconsin's post-deprivation procedures are adequate, albeit in a different context). Hence, plaintiff has failed to state a due process property claim against defendants David Chavez, John Doe 2, and John Doe Agency 2.

### III. SERVICE

Federal Rule of Civil Procedure 4(c)(3) provides:

> *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . .

Plaintiff paid the full filing fee and has not made a request under this rule. As a result, he is responsible for service unless he makes a request under this rule.

### IV. JOHN DOE 1

Upon receipt of this order and a notice of appearance by an attorney on behalf of defendants, plaintiff should use discovery to identify John Doe promptly. After he has learned the identity of John Doe, plaintiff should move to amend the caption of his case to identify John Doe 1 and to facilitate service of process.

Even if plaintiff is unsuccessful in his attempts to identify John Doe 1, it is the court's duty to assist him in doing so. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation."). If, after a good faith attempt to discover the name of John Doe 1, plaintiff remains unable to identify him, plaintiff shall advise the court regarding his attempts and seek help to disclose the identity. Therefore,

IT IS ORDERED that plaintiff's motion for order (DOC 2) is DENIED AS MOOT.

IT IS FURTHER ORDERED that David Chavez, John Doe Agency 1, John Doe Agency 2, and John Doe 2 are DISMISSED as defendants in this action.

IT IS FURTHER ORDERED that plaintiff serve upon defendant Shelondia R. Tarver a copy of the complaint, a waiver of service form, and/or summons, and a copy of this order.

IT IS FURTHER ORDERED that defendants shall file a responsive pleading to the complaint.

IT IS FURTHER ORDERED that plaintiff shall update the court regarding his attempts to identify John Doe 1 on or before Friday, August 31, 2012.

IT IS ALSO ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

IT IS FURTHER ORDERED that plaintiff shall submit all correspondence and legal material to:

>Honorable C. N. Clevert, Jr.
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2012.

>BY THE COURT
>
>/s/ C. N. Clevert, Jr.
>C. N. CLEVERT, JR.
>Chief U.S. District Judge