UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES R. WASHINGTON,

        Plaintiff,

v.                               Case No. 12-CV-0282

SHELONDIA R. TARVER, and
JOHN DOE 1,

        Defendants.

DECISION AND ORDER GRANTING DEFENDANT SHELONDIA TARVER'S
MOTION FOR SUMMARY JUDGMENT (DOC. 16)

In an order entered May 25, 2012, the court allowed plaintiff to proceed on Fourth Amendment claims against defendants Shelondia Tarver and John Doe 1. This matter is now before the court on defendant Shelondia Tarver's motion for summary judgment.[1]

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute

---

[1] In his response to Tarver's motion for summary judgment, plaintiff suggests that John Doe 1 was David Chavez, who was dismissed from this case at screening. However, the brief asserting this identity was not filed until April 1, 2013. In the Scheduling Order entered September 19, 2012, plaintiff was advised that he had until November 21, 2012, to amend the pleadings. He also was warned that John Doe 1 would be subject to dismissal if he was not identified by that date. Plaintiff did not identify John Doe 1 in a timely manner so plaintiff's claims against John Doe 1 will be dismissed with prejudice.

over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## FACTS[2]

On July 4, 2008, a quadruple homicide occurred in the City of Milwaukee. Witnesses indicated that several individuals had fired shots into a gathering of people at a party in the street. On July 9, 2008, a suspect in the case, Rosario Fuentez, provided a statement against his penal interest, implicating himself as a shooter in the homicides. Fuentez also implicated plaintiff as a co-actor and shooter, though plaintiff asserts that he never shot anyone. Fuentez further indicated that he had gone to the scene with plaintiff in an SUV. Based on the statements by Fuentez, a warrant was issued for the arrest of plaintiff for the crime of possession of a firearm by a felon. A search of State of Wisconsin vehicle

---

[2] The Facts are taken from the parties' proposed findings of fact, and the affidavits and admissible evidence supporting them.

2

registration records showed that an SUV, a gray and white 1991 GMC Suburban, was registered to plaintiff.

Defendant Shelondia Tarver was a detective in the homicide division of the Milwaukee Police Department. On July 20, 2008, Detective Tarver arrived for her shift that began at 4:00 p.m. In the pre-shift briefing, Detective Tarver, along with other detectives, was advised to be on the lookout for plaintiff's vehicle. Detective Tarver had been advised that the vehicle may be associated with 222 North 36th Street, in the City of Milwaukee. During the course of her shift on July 20, 2008, and into the early morning of July 21, Detective Tarver drove past North 36th Street residence to see if the vehicle was there. When driving past at approximately 2:00 a.m. on July 21, 2008, Detective Tarver observed plaintiff's vehicle parked in the street in front of 222 North 36th Street. Detective Tarver was not able to secure the vehicle herself because she was transporting a citizen in her vehicle at the time.

Detective Tarver called her supervisor, Lt. Alfonso Morales, and reported that she located the vehicle. Another police officer was contacted to respond to the scene. Detective Tarver dropped off the citizen she had been transporting and returned to the vehicle shortly thereafter. The other officer was already on the scene when Detective Tarver returned. Detective Tarver was instructed by her supervisor to search the vehicle. Detective Tarver also was aware that the other officer was arranging a tow of the vehicle and that MPD Standard Operating Procedure 3/610.00 A-C requires that vehicles be searched prior to a tow, if the circumstances permit.

The vehicle was not locked and Detective Tarver searched it. She located and seized a number of items in the vehicle that were identifiers for the plaintiff. Detective Tarver secured those items and transported them to the Milwaukee Police Administration Building.

3

She completed a Property Inventory form in relation to the items she secured from the vehicle and submitted the items and her report pursuant to Milwaukee Police Department policy.

Before plaintiff was arrested, he left his truck in the care of Nicole Flores. On July 21, 2008, the vehicle was parked in front of Nicole Flores' house. Nicole Flores avers that she saw Detective Tarver on July 21, 2008. Detective Tarver asked Flores if she knew where plaintiff was, and if the vehicle could be searched. Flores further testified that she said no, that she did not want the vehicle searched, and that Detective Tarver should get a warrant. The detective walked up to the vehicle, which was not locked, opened the door, and searched the vehicle. According to Flores, after Detective Tarver searched the vehicle, the keys were taken from Flores, and the vehicle was towed. Flores never saw a warrant to search the vehicle.

In contrast, Detective Tarver avers that she did not speak to Nicole Flores on July 21, 2008, or have any other contact with her. Detective Tarver also avers that Flores was not present on the scene when she conducted the search of the vehicle.

## DISCUSSION

Tarver argues that she is entitled to summary judgment because she had probable cause to search plaintiff's vehicle and that she is protected by qualified immunity. She also submits that the search was a valid search before towing.[3]

> Warrantless searches are considered *per se* unreasonable under the Fourth Amendment unless one of a few specifically established and well-delineated exceptions applies. One such

---

[3] Tarver also suggests that plaintiff's materials in response to the motion for summary judgment were untimely and should be disregarded. Even applying the prison mailbox rule, *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001), plaintiff may have sent his materials a couple of days late. Nevertheless, in the interest of justice, the court will consider the merits of the motion for summary judgment.

4

> exception to the warrant requirement is the automobile exception, which allows law enforcement to conduct a warrantless search of a vehicle if there is probable cause to believe the vehicle contains contraband or evidence of a crime. When probable cause exists to search a vehicle, law enforcement agents are permitted to search all parts of the vehicle in which contraband or evidence could be concealed, including closed compartments, containers, packages, and trunks.

*United States v. Williams*, 627 F.3d 247, 251 (7th Cir. 2010) (citations omitted).

This court must determine whether, based on the undisputed facts, Tarver had enough information to support a finding of probable cause to search plaintiff's vehicle.

> Probable cause to search exists where, based on the known facts and circumstances, a reasonably prudent person would believe that contraband or evidence of a crime will be found in the place to be searched. Here, the question is whether there was "a fair probability" that contraband or evidence of a crime would be found in the [vehicle]; absolute certainty of such a discovery is not required. The determination whether suspicious circumstances rise to the level of probable cause is a common-sense judgment, and officers are entitled to draw reasonable inferences based on their training and experience in making that determination.

*Id.* (citations omitted). Under the collective knowledge doctrine, Tarver could rely on all information known to the Milwaukee Police Department to support probable cause to search plaintiff's vehicle. *See id.* at 252-53 (citing *United States v. Nafzger*, 974 F.2d 906, 911 (7th Cir. 1992)).

This court concludes that the facts known to Tarver supported a search of the vehicle. A suspect who had implicated himself in a quadruple homicide indicated that plaintiff was a co-actor and shooter and that they had gone to the scene of the crime in an SUV. Motor vehicle records established that plaintiff owned an SUV. Tarver was advised to be on the

5

lookout for plaintiff's vehicle and that it may be associated with a certain address. Tarver located plaintiff's vehicle in front of that address.

The factual dispute regarding whether Detective Tarver spoke to Flores before she searched the vehicle is not material to the court's conclusion because Tarver did not need Flores's permission, the keys, or a search warrant to search plaintiff's vehicle. She had independent facts sufficient to create probable cause that suggested plaintiff's vehicle might have been used to transport plaintiff and Fuentez to the scene of the quadruple homicide.

With regard to the towing of plaintiff's vehicle, Tarver was not personally involved in the decision to tow the vehicle and therefore cannot be held liable for the decision. Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009); *see George v. Smith*, 507 F.3d 605, 609 (7th Cir.2007).

The court need not address defendants' qualified immunity argument because the facts, taken in the light most favorable to plaintiff, do not show that Tarver violated a constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Therefore,

IT IS ORDERED that defendant Shelondia Tarver's motion for summary judgment (Doc. 16) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's claim against defendant John Doe 1 is DISMISSED WITH PREJUDICE.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. District Judge